# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JERRY MCCRARY, | ) |
| Petitioner, | ) |
| v. | ) No. 4:07CV584 CEJ |
| JAMES PURKETT, | ) |
| Respondent. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. After reviewing the case, the Court has determined that petitioner is not entitled to relief.

### **Background**

On June 22, 1997, just after midnight, petitioner approached a parked car in which Tracy Smith and his girlfriend Carolyn White were waiting for a friend. Petitioner said to Smith and White, "Let me get in, it's hot out here." Smith and White let petitioner into the car.

Petitioner then got into the car and offered to sell Smith and White some crack cocaine. Petitioner handed Smith a bag containing crack cocaine. Smith asked, "what is this?" Petitioner replied, "that's a dime." Smith returned the bag to petitioner.

When petitioner received the bag, he thought that some of the cocaine had fallen out of it. Smith and White then got out of the car to let petitioner look for the cocaine. Petitioner did not find it. Petitioner then exchanged "argumentative words" with Smith and White.

Petitioner returned to his own car and drove it down the street a few car lengths. Smith and White returned to their car and began driving away in the same direction as petitioner. White was behind the wheel.

As Smith and White approached a stop sign, Smith saw petitioner get out of his car; petitioner had his back turned to Smith and White. When Smith and White stopped, petitioner pointed a gun at White and shot her. White then made a left turn. Petitioner got into his car and drove in the opposite direction.

Smith asked White if she was okay. White said, "No, I'm hit." Smith told her to pull over so that he could drive. White did not respond, and it seemed that she was semi-conscious. White then accelerated and drove into a car, reversed into a telephone pole, and put the car into drive again.

Paramedics arrived on the scene and transported White to the hospital, where she later died. The medical examiner subsequently determined that White died from a gunshot wound to her chest.

A grand jury indicted petitioner on one count of murder in the first degree and one count of armed criminal action. A jury trial was held, and the jury convicted petitioner on both counts. Petitioner was sentenced to life without the possibility of parole on the murder charge and twenty years' imprisonment on the armed criminal action charge, with the sentences to be served consecutively.

Petitioner appealed his convictions and sentences on the grounds that the trial court erred in overruling petitioner's motion for judgment of acquittal at the close of evidence because the State failed to prove petitioner had the requisite state of mind to commit first-degree murder, that the trial court erred in sustaining the State's objections to defense counsel's attempts to impeach key State witnesses, and that the trial court erred in allowing the State to amend by interlineation its Substitute Information in Lieu of Indictment at the close of petitioner's prior and persistent offender hearing. The Missouri Court of Appeals affirmed the convictions and sentences.

Petitioner filed a pro se motion for post-conviction relief pursuant to Missouri Supreme Court Rule 29.15. Counsel was appointed and filed an amended motion for post-conviction relief that superseded the pro se motion. E.g., Norville v. State, 83 S.W.3d 112, 114 (Mo. Ct. App. 2002). In the amended motion, petitioner raised two grounds for relief, i.e., that counsel was ineffective for failing to strike for cause juror Michelle Moller, and that counsel was ineffective for failing to investigate and

subpoena witnesses Darrel Mott, Candace Johnson, and Ivan Smith. The post-conviction relief court denied the motion after an evidentiary hearing. Petitioner appealed, but the Missouri Court of Appeals dismissed the appeal because petitioner failed to comply with the court's briefing requirements.

Petitioner then filed three state petitions for writ of habeas corpus. The first was filed in the Circuit Court of St. Francois County, Missouri, on May 9, 2006, and denied on July 18, 2006. The second was filed in the Missouri Court of Appeals on September 25, 2006, and denied the next day. The third was filed in the Missouri Supreme Court on November 6, 2006, and denied on January 30, 2007.

Petitioner filed his original petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on March 23, 2007. Petitioner filed an amended petition on April 23, 2007. After reviewing the amended petition, the Court ordered petitioner to file a second amended petition, utilizing the standard form. Petitioner filed the second amended petition on May 21, 2007.

**Grounds for Relief**

1. Petitioner's post-conviction appeal was dismissed in violation of his constitutional right of access to the courts.

2. The trial court violated petitioner's right to due process of law when it denied his motion for judgment of acquittal, because the State had failed to present sufficient evidence from which a rational jury could have

concluded that he deliberated, which was required to convict him of first-degree murder.

3. The trial court erred in sustaining the State's objection to petitioner's attempts to impeach Tracy Smith with his prior arrest and pending criminal charges.

4. Counsel was ineffective for failing to strike venireperson Michelle Moller for cause, because she indicated during voir dire that she believed a criminal defendant should testify in his own defense at trial.

5. Counsel was ineffective for failing to investigate, interview, and subpoena potential witness Darryl Mott.

6. The trial court erred in allowing the prosecutor to present evidence that petitioner possessed and attempted to sell illegal drugs to the victim shortly before shooting her.

7. The trial court erred by not submitting an instruction on manslaughter to the jury because the evidence did not support a finding of first-degree murder.

8. The trial court erred by not submitting an instruction on second-degree felony murder to the jury because the evidence did not support a finding of first-degree murder.

9. The trial court erred in overruling petitioner's motion in limine to suppress evidence resulting from his arrest because the police lacked probable cause to arrest him.

10. Counsel was ineffective for failing to call the author of the police report used to impeach Tracy Smith as a witness.

11. The trial court erred in denying petitioner's motion for a new trial because there was insufficient evidence from which a rational jury could have found petitioner guilty beyond a reasonable doubt of first-degree murder, because Tracy Smith's testimony was contrary to the physical facts.

12. The trial court erred in allowing the State to argue facts not in evidence, because the State failed to lay a proper foundation that the crack cocaine petitioner tried to sell Smith and White was, in fact, crack cocaine.

13. The trial court erred in not allowing petitioner's counsel to argue that Tracy Smith's testimony at trial was invalidated by the state doctrine of "destructive contradictions."

14. Counsel was ineffective for failing to lay an adequate foundation to impeach Tracy Smith with his prior arrests, pending charges, and "favorable testimony."

15. Counsel was ineffective for calling defense witness Vicky Murry to the stand but withdrawing her before she could testify.

16. Counsel was ineffective for failing to object when the prosecutor vouched for Tracy Smith during closing argument.

17. The trial court erred by not requiring the State to produce the grand jury records so that petitioner could impeach Tracy Smith with his grand jury testimony.

18. Petitioner claims that the cumulative effect of the above errors deprived him of a fair trial, thus creating <u>Strickland</u> prejudice.

19. Petitioner claims that he is actually innocent of murder; he claims that two other inmates he met in prison in 2003 are prepared to testify that they saw someone else commit the murder.

**Procedural Bar**

To avoid defaulting on a claim, a habeas petitioner must have presented the substance of the claim to the state courts, thereby affording the state courts a fair opportunity to apply controlling legal principles to the facts bearing on the claim.

Wemark v. Iowa, 322 F.3d 1018, 1020-21 (8th Cir. 2003). A claim has been fairly presented when a petitioner has properly raised the same factual grounds and legal theories in the state courts that he is attempting to raise in his federal petition. Id. at 1021.

Respondent argues that grounds 6 through 18 are procedurally barred. Respondent claims that petitioner failed to raise the trial court error grounds on direct appeal and that he failed to raise the grounds for ineffective assistance of counsel in his amended Rule 29.15 motion. Petitioner concedes that he did not present these grounds in the manner as stated by respondent. He argues, however, that he fairly presented each of his claims to the state courts by including them in the habeas petitions filed pursuant to Missouri Supreme Court Rule 91.

Where a petitioner fails to properly exhaust his claims in state court, and the claims can no longer be raised in state proceedings because of a failure to follow the prescribed state procedure for presenting such issues, the claims are exhausted but procedurally defaulted. E.g., O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999) ("Thus, Boerckel's failure to present three of his federal habeas claims to the Illinois Supreme Court in a timely fashion has resulted in a procedural default of those claims."). In Missouri, claims of trial court error must be raised on direct appeal on not in post-conviction proceedings. E.g., Ham v. State, 7 S.W.3d 433, 440 (Mo. Ct. App.

1999). Therefore, because petitioner failed to raise grounds 6-9, 11-13, and 17 on direct appeal, those grounds are procedurally barred.

In Missouri, "Rule 29.15 is the exclusive procedure by which a claim of ineffective assistance of counsel upon conviction after trial can be advanced." State v. Ricker, 936 S.W.2d 167, 173 (Mo. Ct. App. 1996). Therefore, because petitioner failed to raise grounds 10, 14, 15, 16, or 18 in his amended Rule 29.15 motion, these grounds are procedurally barred.

Petitioner's argument to the contrary fails. In Missouri, claims that are procedurally defaulted are not restored by asserting them in a Rule 91 habeas petition. See State ex rel. Nixon v. Jaynes, 63 S.W.3d 210, 214 (Mo banc. 2001) ("*Habeas corpus* [under Rule 91] is not a generic substitute for Rule 29.15. *Habeas corpus* exists solely to challenge the legality of confinement or custody, not to correct procedural defaults as to post-conviction remedies.").

For these reasons, petitioner is not entitled to relief on grounds 6-18 of the petition.

**Standard**

"In the habeas setting, a federal court is bound by the AEDPA to exercise only limited and deferential review of underlying state court decisions." Lomholt v. Iowa, 327 F.3d 748, 751 (8th Cir. 2003). Under this standard, a federal court may not grant

relief to a state prisoner unless the state court's adjudication of a claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

A state court decision is contrary to clearly established Supreme Court precedent if "the state court arrives at a conclusion opposite to that reached by [the] Court on a question of law or . . . decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000). A state court decision is an unreasonable application of clearly established federal law if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." Id. at 407-08. Finally, a state court decision involves an unreasonable determination of the facts in light of the evidence presented in the state court proceedings only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record. 28 U.S.C. §2254(e)(1); Ryan v. Clarke, 387 F.3d 785, 790 (8th Cir. 2004).

## Discussion

1. <u>Ground One</u>

In Ground One, petitioner claims that his post-conviction appeal was dismissed in violation of his constitutional right of access to the courts. As stated above, the Missouri Court of Appeals dismissed petitioner's appeal from the denial of post-conviction relief because petitioner failed to comply with the court's briefing rules.

"Section 2254 only authorizes federal courts to review the constitutionality of a state criminal conviction, not infirmities in a state post-conviction relief proceeding." <u>Williams-Bey v. Trickey</u>, 894 F.2d 314, 317 (8th Cir. 1990); <u>see</u> <u>Gee v. Groose</u>, 110 F.3d 1346, 1351-52 (8th Cir. 1997). The issue raised in Ground One, therefore, is not cognizable in these proceedings. Therefore, petitioner is not entitled to relief on Ground One of the petition.

2. <u>Ground Two</u>

In Ground Two, petitioner claims that the trial court violated his right to due process of law when it denied his motion for judgment of acquittal, because the State had failed to present sufficient evidence from which a rational jury could have concluded that he deliberated, which was required to convict him of first-degree murder.

The Missouri Court of Appeals rejected this claim on direct appeal. The appellate court stated:

> In assessing whether there is sufficient evidence to support a conviction, we must accept as true all of the evidence and inferences favorable to the State, and disregard all evidence and inferences to the contrary. Review is limited to a determination of whether there is sufficient evidence from which a reasonable finder of fact could find the defendant guilty beyond a reasonable doubt. Since direct evidence probative of deliberation is rarely obtainable, it may be inferred from circumstances surrounding the murder. The evidence showed that [petitioner] had a confrontation with the victim and her boyfriend, left the immediate scene to go to his car, returned with a gun, and fired the fatal shot into the vehicle in which the victim had been riding. The jury could have found the element of deliberation from this evidence.

Resp. Exh. F at 2 (citations omitted).

This statement of the Missouri Court of Appeals is neither contrary to, nor an unreasonable application of, clearly established federal law as established by the Supreme Court of the United States. Therefore, petitioner is not entitled to relief on Ground Two of the petition.

3. Ground Three

In Ground Three, petitioner claims that the trial court erred in sustaining the State's objection to his attempts to impeach Tracy Smith with his prior arrest and pending criminal charges.

The Missouri Court of Appeals rejected this claim on direct appeal. The appellate court stated:

> [Petitioner] complains [that] he was not allowed to show prior arrests and pending charges in order to impeach the State's eyewitnesses. [Petitioner] showed numerous criminal convictions of the witness; but the trial court, applying familiar law, sustained objections to evidence of arrest not shown to have resulted in convictions. [Petitioner] now argues that he should be able to show pending charges because an expectation of leniency might establish a motive for the witness to provide testimony favorable to the State. [Petitioner], however, made no effort to lay the foundation by demonstrating pending plea negotiations or expectation of leniency. Failing this, there was no error.

Resp. Exh. F at 3.

This statement of the Missouri Court of Appeals is neither contrary to, nor an unreasonable application of, clearly established federal law as established by the Supreme Court of the United States. See Wise v. Bowersox, 136 F.3d 1197, 1205 (8th Cir. 1998) ("A party has no right to impeach a witness's credibility with evidence of 'wanteds' or arrests."). Additionally, "'federal habeas corpus relief does not lie for errors of state law.'" Estelle v. McGuire, 502 U.S. 62, 68 (1991) (quoting Lewis v. Jeffers, 497 U.S. 764 (1990)). So, to the extent that petitioner is claiming that the Missouri Court of Appeals incorrectly applied state evidentiary law, the claim is not cognizable. Petitioner is not entitled to relief on Ground Three of the petition.

4. Ground Four

In Ground Four, petitioner claims that counsel was ineffective for failing to strike venireperson Michelle Moller for cause, because she indicated during voir dire that she believed a criminal defendant should testify in his own defense at trial.

The Circuit Court rejected this claim after an evidentiary hearing on petitioner's Rule 29.15 motion. The court stated:

> Concerning the venireperson Michelle Moller, the trial transcript reveals that in addition to the statements concerning her wanting [petitioner] to testify, she indicated to the Court that she could put aside her expectations, opinions, and beliefs and follow the law as the Court gives it to her. She also stated that in the voir dire that in response to the defendant not going to testify and not using it against him she heard the Court's instruction and she would not do so. It is clear from the trial transcript that the venireperson Moller would not have been subject to a strike for cause. She clearly told the Court that she could set aside her expectations, opinions and beliefs and follow the law. She also told the Court that she had heard the Court's instructions and would not hold the fact that the Defendant did not testify against him. . . . Trial counsel will not be deemed ineffective for failing to make a non-meritorious objection.

Resp. Exh. K at 313.

This statement of the Circuit Court is neither contrary to, nor an unreasonable application of, clearly established federal law as established by the Supreme Court of the United States. Petitioner is not entitled to relief on Ground Four of the petition.

5. Ground Five

In Ground Five, petitioner claims that counsel was ineffective for failing to investigate, interview, and subpoena potential witness Darryl Mott.

The Circuit Court rejected this claim after an evidentiary hearing on petitioner's Rule 29.15 motion. The court stated:

> [Petitioner] further alleges that his trial counsel was ineffective for failing to interview, investigate and subpoena witnesses Darrel Mott, Candace Johnson, and Ivan Smith. To establish that counsel was ineffective for failing to investigate or produce witnesses at trial, [petitioner] must show (1) counsel knew or should have known of the existence of the witnesses; (2) witnesses could have been located through reasonable investigation; (3) witnesses would have testified if called; and (4) the testimony would have provided a viable defense. In [petitioner's] case, it is clear from the testimony that [trial counsel] knew about the defense witnesses and that he endorsed them for trial. [Petitioner] testified [at the evidentiary hearing] that he had contact with these witnesses and that they were available for trial. [Trial counsel] testified that he made reasonable efforts to find these witnesses and could not do so. [Trial counsel] also stated that [petitioner] failed to give him addresses until shortly before trial, and that [petitioner] told him he would bring them if they were needed. The Court is not required to believe the testimony of [petitioner] or any other witness at an evidentiary hearing on a [post-conviction motion]. [Trial counsel] is a well known and experienced Assistant Public Defender who has tried numerous cases in the St. Louis Circuit Court. His actions in [petitioner's] case to contact [petitioner's] witnesses were reasonable even if they were not successful. This Court finds [trial counsel] to be credible.
>
> Petitioner must prove that the witnesses would have testified if called. [McCrary] was unable to secure these witnesses to testify at his hearing. A [m]ovant seeking post-conviction relief on a claim of ineffective assistance of counsel bears the burden of proving his grounds for relief by a preponderance of the evidence. [Petitioner] has failed to prove that the witnesses would have testified or provided viable defenses if called since

they never were produced during the length of [petitioner's] PCR motion hearing.

Resp. Exh. K at 314-15.

This statement of the Circuit Court is neither contrary to, nor an unreasonable application of, clearly established federal law as established by the Supreme Court of the United States. Therefore, petitioner is not entitled to relief on Ground Five of the petition.

    6.    <u>Ground Nineteen</u>

In Ground Nineteen, petitioner claims that he is actually innocent of murder; he claims that two other inmates he met in prison in 2003 are prepared to testify that they saw someone else commit the murder.

In <u>Schlup v. Delo</u>, 513 U.S. 298 (1995), the United States Supreme Court stated that a showing of actual innocence is credible only if supported by new reliable evidence, whether exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence. <u>See</u> <u>House v. Bell</u>, 126 S. Ct. 2064 (2006); <u>Pitts v. Norris</u>, 85 F.3d 348, 350 (8th Cir. 1996) ("a credible claim of actual innocence requires a petitioner to support his allegation of constitutional error with new reliable evidence."). Petitioner has not brought forth any reliable evidence in support of his actual innocence claim. And even if petitioner were able to produce two inmates who

he met in prison six years after the murder was committed and who were willing to testify that they saw another person commit the murders, this testimony would not be credible. Petitioner is not entitled to relief on Ground Nineteen of the petition.

**Conclusion**

Because the grounds for relief in the petition are either procedurally barred or are without legal merit, the petition will be dismissed. Additionally, petitioner has failed to make a substantial showing of the denial of a constitutional right, and the Court will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **dismissed**.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue. 28 U.S.C. § 2253.

Dated this 10th day of August, 2009.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE